Document      Page 1 of 4

JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

| | |
|---|---|
| In re<br><br>MICHAEL J. COX,<br><br>                Debtor | Case No. F08-000787-HAR<br>In Chapter 7<br><br>INTERIM MEMORANDUM REGARDING DEBTOR'S MOTION TO AVOID JUDGMENT LIEN [ECF No. 31] |

**PURPOSE OF THIS MEMORADUM**- This memorandum concerns the court's observations about debtor's motion to avoid a judgment lien of Queen Anne High School Condominium Owners Association (Queen Anne).[1]  Queen Anne filed an opposition.[2]  There are some issues that the parties have not addressed and some facts that are missing.

Hopefully, after reviewing this interim memorandum, they will be in a better position to negotiate a settlement.  If they cannot reach a settlement, they can supplement their papers and the court will hold a hearing or decide in a more informed way.  See, the section at the end entitled "Conclusion" regarding possible supplemental briefing by Friday, August 16, 2013, if they have not settled.

**QUEEN ANNE MAY HAVE VIOLATED THE AUTOMATIC STAY**-   If so, its Washington judgment may be void.  Presumably, that may also void the domesticated Alaskan judgment.

---

[1]  ECF No. 31.

[2]  ECF No. 34.

The chapter 7 case was filed on **November 30, 2008.** Queen Anne filed its suit in Washington state for unpaid condo fees on **March 19, 2009.**[3] Debtor's discharge was not entered until **April 16, 2009.** The automatic stay under 11 USC § 362(a) was still in effect when the suit was filed. The Washington judgment may be void.[4] Even assuming that Queen Anne was unaware of the bankruptcy case, the stay is automatic or self-executing.[5]

There is some inkling that Queen Anne did find out about the stay before it took its post-discharge judgment in **December 2009.**[6] The case was closed on **April 21, 2009**, but on finding out that it had filed suit in violation of the automatic stay (even innocently), it might have been incumbent – and, certainly would have been prudent – to seek annulment before proceeding to judgment. And, its collection efforts may have, parenthetically, violated the discharge injunction.[7]

This all may effect the ultimate calculation of attorney fees and possibly the accrued interest. If there was a violation, Queen Anne can, of course, move for an annulment, but whether or not that would be granted is uncertain.

<u>11 USC § 523(a)(16)</u>- This section provides that a chapter 7 discharge does not discharge the debt of an individual debtor:

> (16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners

---

[3] Case No. 09-2-13079-SEA, per the *Motion to Avoid Lien*, ECF No. 31, page 2, ¶ 7.

[4] *In re Wardrobe*, 359 F.3d 932, 934 (9th Cir. 2009).

[5] *Id*, at 934.

[6] *Opposition to Motion to Avoid Judgment Lien*, ECF No. 34, Exhibit E (declaration filed in Washington suit), seeking only the damages for post-discharge condo fees, indicating an awareness of the limitations of 11 USC § 523(a)(16) that discharges pre-petition fees, but not post-petition fees where the debtor retains an interest in the condo.

[7] 11 U.S.C. § 524(a)(1).

INTERIM MEMORANDUM REGARDING
DEBTOR'S MOTION TO AVOID
JUDGMENT LIEN [ECF No. 3]                                                                 Page 2 of 4

association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case; . . .

Queen Anne's principal defense was that the debtor retained title to the condo until 2011, and that clearly the post-petition condo fees are nondischargeable. The case it cites in support, *In re Foster*, is inapposite. That case involved a chapter 13 debtor and the decision explicit says § 523(a)(16) does not apply.[8] But, there are cases and secondary authority on point that do support Queen Anne's basic contention. For now, I will just cite 4-523 *Collier on Bankruptcy*, ¶ 523.24 (Online ed. 2013):

> Section 523(a)(16) excepts from discharge fees and assessments that become due and payable postpetition with respect to the debtor's interest in a dwelling unit that has condominium ownership or ownership through a share in a cooperative housing corporation. Thus, section 523(a)(16) shifts the focus of the dischargeability determination from an inquiry whether the debtor's obligations are a prepetition claim that is dischargeable under section 727(b) to whether the subject debt is a fee or assessment that "becomes due and payable" after the order for relief. The exception applies only to fees and assessments that accrue after the commencement of the bankruptcy case. It does not apply to fees and assessments outstanding at the time the case is filed, even if those fees and assessments accrued when an earlier bankruptcy case was pending. [citations omitted]

**CONCLUSION**- If Queen Anne violated the stay, it should be worth some deduction from its claim. If the parties cannot arrive at an agreed settlement, Queen Anne should file a supplemental brief showing why, in its opinion, it has not violated the automatic stay. And, if either party feels that the court is wrong or has misinterpreted the facts or law, let me know.

Either party may file a supplemental briefs by **FRIDAY, AUGUST 16, 2013**. If they have not settled, the court will hold a hearing, possibly taking evidence.

---

[8] *In re Foster*, 435 B.R. 650, 658 (9th Cir. BAP 2010).

INTERIM MEMORANDUM REGARDING
DEBTOR'S MOTION TO AVOID
JUDGMENT LIEN [ECF No. 3]                                                                      Page 3 of 4

DATED: August 2, 2013

                 /s/ Herb Ross
                 HERB ROSS
                U.S. Bankruptcy Judge

<u>Serve</u> :
Jason Crawford, Esq., for debtor
Richard Crabtree, Esq., for Queen Anne
US Trustee
Cheryl Rapp, Deputy Clerk

INTERIM MEMORANDUM REGARDING DEBTOR'S MOTION TO AVOID JUDGMENT LIEN [ECF No. 3]    Page 4 of 4